**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| CHERYL POOLE and | § | |
| KENNETH POOLE, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-12-0339 |
| | § | |
| ETHICON, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

On December 29, 2011, Cheryl and Kenneth Poole filed this products-liability lawsuit in Texas state court against Ethicon, Inc.; Johnson & Johnson Medical S.A. Inc.; and Johnson Sales and Logistics Company LLC, manufacturers of surgical mesh used to treat pelvic organ prolapse and stress urinary incontinence. (Docket Entry No. 1, Ex. A). Just before the defendants removed based on federal diversity jurisdiction, the Pooles filed an amended petition. (Docket Entry No. 1, Ex. C). This amended petition added four in-state defendants: the doctor who performed the surgery on Cheryl Poole, Duc B. Le, M.D.; another doctor, Niraj Patel, M.D.; and their medical practices, Fort Bend OB/GYN LLP and Sugar Land Ob-Gyn Associates. The Pooles asserted medical-malpractice claims against Le and Patel and vicarious-liability claims against the practices. Hours after the Pooles filed the amended petition, the defendants removed. (Docket Entry No. 1).

The plaintiffs have moved to remand, (Docket Entry Nos. 4–5), and have supplemented their motion, (Docket Entry No. 7). Ethicon, the only defendant that had been served at the time of removal, opposes remand on the basis that the in-state defendants were improperly joined. (Docket Entry No. 17).

On February 7, 2012, the same day the Pooles moved to remand, the United States Judicial Panel on Multidistrict Litigation, under 28 U.S.C. § 1407, granted motions to centralize 31 products-liability actions involving Ethicon's pelvic surgical-mesh products. (Docket Entry No. 8). Ethicon has moved to stay all proceedings in this case, including a ruling on the motion to remand, pending the decision whether to include this case in the MDL as a tag-along suit. (Docket Entry No. 7). The Pooles oppose the motion to stay, primarily on the basis that waiting for the MDL to rule on their remand motion—assuming their case is centralized in the MDL transferee court—will create extended and unnecessary delay. (Docket Entry No. 10). Ethicon has replied, (Docket Entry No. 14), and the Pooles have surreplied, (Docket Entry No. 16).

Based on the motions and responses, the record, and the applicable law, this court denies the motion to stay all proceedings to the extent that the motion seeks to delay ruling on the remand motion; denies the motion to remand; and grants the stay of discovery and other activity pending the transfer decision. The reasons are explained below.

## I.    The Motion to Stay the Decision on Remand

Ethicon seeks to stay all proceedings in this case, including any decision on the Pooles' remand motion, pending the MDL transfer decision. Even when the Judicial Panel on Multidistrict Litigation has issued a conditional transfer order in a case, the transferor court "has the authority to rule on the motion to remand before a transfer order has been issued." *Stephens v. Kaiser Found. Health Plan of the Mid-Atlantic States, Inc.*, 807 F. Supp. 2d 375, 381 (D. Md. 2011) (internal quotation marks and alterations omitted). "The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in any pending federal district court action

2

and does not limit the pretrial jurisdiction of that court." R.P.J.P.M.L. 2.1(d). In the MDL context, "[g]ranting a stay is within the court's discretion and a stay is appropriate when it serves the interests of judicial economy and efficiency." *Hood ex rel. Miss. v. Microsoft Corp.*, 428 F. Supp. 2d 537, 541 (S.D. Miss. 2006) (citing 15 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3866, at 612 (3d ed. 1998 & Supp. 2004)). "Judicial economy is served by a stay of the remand motion pending transfer if the issues involved in the remand motion are likely to arise in the cases that have been or will be transferred to the MDL transferee court." *Ayers v. ConAgra Foods, Inc.*, Civ. A. No. H-08-3723, 2009 WL 982472, at *1 (S.D. Tex. Apr. 9, 2009) (citing *In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990)).

In this case, if the remand issues are common to many of the pelvic mesh cases, decisions by both transferor courts and the transferee court would be duplicative and perhaps conflicting. But the record here, scant as it is, does not show such commonality. Ethicon's argument opposing remand—improper joinder—turns on whether the Pooles' amended petition states a claim against the in-state defendants on which there is a reasonable possibility of recovery under Texas law. This question is unlikely to be common across the MDL transferee docket. It is most efficient for this court to decide the remand motion. "[I]f this Court does not have jurisdiction over this matter, then neither will the MDL court." *Stephens*, 807 F. Supp. 2d at 381. To the extent that Ethicon seeks to stay decision on the motion to remand, the motion to stay is denied.

## II.      The Motion to Remand

To establish that a nondiverse defendant has been improperly joined for the purpose of defeating diversity jurisdiction, the removing party must prove either that there has been actual fraud in the pleading of jurisdictional facts, or that there is no reasonable possibility that the plaintiff will

3

be able to establish a cause of action against that party in state court. *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011). The second approach asks whether "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant" under state law. *Id.* (quoting *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc)). "To decide whether a plaintiff has a reasonable basis for recovery under state law, a district court 'may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against' an in-state defendant." *Holden v. Ill. Tool Works, Inc.*, 429 F. App'x 448, 451 (quoting *Smallwood*, 385 F.3d at 573). The court must resolve a motion to remand "as swiftly as possible so that the plaintiff maintains his right to choose the forum in which to litigate." *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 310 (5th Cir. 2005). "The burden of persuasion on a party claiming improper joinder is a heavy one." *Kling Realty Co. v. Chevron USA, Inc.*, 575 F.3d 510, 514 (5th Cir. 2009) (internal quotation marks omitted).

Courts have divided over whether to apply the federal Rule 8 pleading standard or the state-law pleading standard to the state-court pleading in evaluating an improper-joinder argument.[1] This

---

[1] *Compare Doucet v. State Farm Fire and Cas. Co.*, No. 1:09-CV142, 2009 WL 3157478, at *5 (E.D. Tex. Sept. 25, 2009) (using Rule 12(b)(6)); *First Baptist Church of Mauriceville, Tex. v. Guideone Mut. Ins. Co.*, No. 1:07-CV-988, 2008 WL 4533729, at *4 (E.D.Tex. Sept. 29, 2008) (same); *King v. Provident Life and Accident Ins. Co.*, No. 1:09-CV-983, 2010 WL 2730890, at *4 (E.D. Tex. June 4, 2010) *with Henderson v. Washington Nat'l Ins. Co.*, 454 F.3d 1278, 1284 (11th Cir. 2006) (using state law); *Shue v. High Pressure Transps., LLC*, No. 10-CV-0559, 2010 WL 4824560, at *7 n.2 (N.D. Okla. Nov. 22, 2010) (same); *In re Zicam Cold Remedy Mktg., Sales Practices, Prods. Liab. Litig.*, No. 09-md-2096, 2010 WL 3516755, at *2 (D. Ariz. Sept. 1, 2010) (same); *DNJ Logistic Grp., Inc. v. DHL Express (USA), Inc.*, Civ. A. No. 08-CV-2789, 2010 WL 2976493, at *4 (E.D. N.Y. July 23, 2010) (same); *Ruiz v. Forest City Enters., Inc.*, No. 09 CV 4699, 2010 WL 3322505, at *3 (E.D. N.Y. Aug. 20, 2010); *In re Yasmin and Yaz (Drospirenone) Mktg., Sales Practices, and Prods. Liab.*, Nos. 3:09-md-02100, 3:10-cv-20095, 2010 WL 2402926, at *2 (S.D. Ill. June 15, 2010) (same); *MBIA Ins. Corp. v. Royal Bank of Can.*, 706 F. Supp. 2d 380, 394 (S.D.N.Y. 2009) (same); *Tofighbakhsh v. Wells Fargo & Co.*, No. 10-830 SC, 2010 WL 2486412, at *3 (N.D. Cal. June 16, 2010)(same); *Warren v. State Farm Mut. Auto. Ins. Co.*, Civ. A. No. 3:08-CV-0768-D, 2008 WL 4133377, at *4 (N.D. Tex. Aug. 29, 2008) (same); *Pinnacle Choice, Inc. v. Silverstein*, Civ. A. No. 07-5857, 2008 WL 2003759, at *7 (D. N.J. May 6, 2008) (same).

court recently reviewed the issue and concluded that when state law provides a more lenient pleading standard, that state-law pleading standard, not Rule 8, applies. *Edwea, Inc. v. Allstate Ins. Co.*, Civ. A. No. H-10-2970, 2010 WL 5099607, at *6 (S.D. Tex. Dec. 8, 2010). "Texas follows a 'fair notice' pleading standard, which looks to whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant at trial." *De La Hoya v. Coldwell Banker Mex., Inc.*, 125 F. App'x 533, 537 (quoting *Penley v. Westbrook*, 146 S.W.3d 220, 232 Tex. App.—Fort Worth 2004), *rev'd on other grounds*, 231 S.W.3d 389 (Tex. 2007)). But even under the Texas pleading standard, the allegations in the amended petition against the in-state defendants are insufficient to state a claim for relief for medical malpractice under Texas law.

Under Texas law, medical malpractice requires the plaintiff to prove the following elements: (1) a physician's duty to comply with a certain standard of care; (2) the physician's breach of that standard of care; (3) an injury to the plaintiff; and (4) a causal connection between the breach of care and the injury. *Grider v. Mike O'Brien, P.C.*, 260 S.W.3d 49, 57 (Tex. App.—Houston [1st Dist.] 2008, pet. denied); *see also Hamilton v. Wilson,* 249 S.W.3d 425, 426 (Tex. 2008) (per curiam). The Pooles' original petition did not assert a medical-malpractice claim. Instead, it only asserted products-liability claims against the out-of-state corporate defendants. The amended petition did not add new facts to support the addition of the in-state defendants. The only factual allegation involving Dr. Le comes from one paragraph in the amended petition:

> 9.  On or about May 19, 2010, Duc B. Le, MD performed a total vaginal hysterectomy, bilateral salpingo–oopherectomy, and anterior repair with Proxima mesh on Plaintiff in Methodist Sugar Land Hospital in Fort Bend County, Texas. Prior to that surgery, Plaintiff had been diagnosed with symptomatic cystocele, rectocele, uterine prolapse (a type of pelvic organ prolapse), and stress urinary

incontinence.  During that surgery, Plaintiff received the following
vaginal mesh:

> Gynecare Prosima
> Pelvic Floor Repair
> Lot #3068329
> Catalog #PROC2

(Docket Entry No. 1, Ex. C, ¶ 9).  The petition continues by alleging that Cheryl Poole suffered a

tear in her vaginal wall and mesh exposure, and that the defective mesh caused her postsurgical

problems.  (*Id.*, ¶¶ 10–16).  The only allegation about Dr. Le is that he performed the surgery.  There

are no allegations that he breached any duty of care—or what that breach might be—or that his

actions or inactions caused or contributed to Cheryl Poole's postsurgical problems.  Instead, the

allegations focus on the allegedly defective mesh.  The Pooles have not stated a claim for medical

malpractice against Dr. Le.

The allegations against the remaining defendants fare no better.  There are no allegations

identifying any role that Dr. Patel had in the surgery or treatment of Cheryl Poole, necessary to

support a medical-malpractice claim against him.  And the allegations against the medical practices

are simply that the doctors were employees or agents: the only claims are vicarious.  Because the

Pooles have not stated a claim against either of the doctors, they also have not stated a claim against

the medical practices.

Ethicon has met its burden of showing that the Pooles' amended petition, which was (barely)

in place at the time of removal, does not provide a reasonable basis to predict that they could recover

against the in-state defendants.  The motion to remand is denied.  Because no issues remain

outstanding, efficiency and judicial economy are best served by staying this case pending the MDL's

decision on whether to transfer this case.

III.    **Conclusion**

6

The motion to remand, (Docket Entry Nos. 4–5), is denied.  The motion to stay all proceedings in this case pending the MDL's decision on whether to transfer this case is denied with respect to deciding the remand motion, and granted in all other respects.

SIGNED on March 13, 2012, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

7